Gr. Egbert Wither, S.
Petitioner seeks to have opened and vacated the decree of probate of the will of Clifford Waite Morgan, deceased, granted in this court on January 30,1951. It appears that she is the sole distributee of testator, who died on January 5, 1951. On or about January 12, 1951, petitioner duly executed a waiver of citation and consent to probate of said will, and the same was filed with the petition for probate.
Petitioner alleges on this application that Jonas P. Relin, one of the nominated executors and one of the attorneys for the proponents-respondents, called her to his office on or about the day she executed said waiver and asked her to sign the same; that he told her that it was merely to enable bim to get the will from the Surrogate’s office, was otherwise meaningless, and would not prevent her from contesting the will. She alleges that the attorney told her that he would notify her before offering the will for probate; and she asserts that she had no intention of consenting to the probate and did not sign the waiver for that purpose.
Respondents deny that said Jonas P. Relin made such assurances to petitioner, and ask for a denial of the petition. They have made no formal motion for denial or dismissal of the application, but the parties have submitted the matter on respondents ’ oral motion to such effect made on the return date of the order to show cause to open and vacate. Hence we must assume, for the purposes of this motion, that the facts alleged in the petition herein are true.
Viewed in • that light ‘ ‘ the petitioner has been wrongfully deprived of a valuable legal right, viz: the right to examine the witnesses to the will and to file objections to probate.” (Matter of Teller, 277 App. Div. 937-938.) It is true that petitioner has hardly alleged sufficient facts to show a reasonable probability of success in the prospective will contest, but where the question of fraud is involved, this is not required. (Matter of Teller, supra.) If petitioner establishes the alleged fraud, she is entitled to be put in status quo, by having the waiver rescinded, and the decree of probate opened and vacated. The validity of the will is not yet in issue.
Petitioner is entitled to a preliminary trial without a jury of the issues raised by the petition and answer in this proceeding.
Submit order accordingly.